IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Yosef Cohen, | : |
|                       Plaintiff, | : Civil Action |
| | : |
| v. | : No. _____ |
| | : |
| Trustees of the University of Pennsylvania, J. Larry Jameson, John L. Jackson Jr., Craig R. Carnaroli, Kathleen Shields Anderson, Gary Williams, Valdo Walker, Paul Guercio, and John Doe # 1–20, | : Formerly |
| | : Court of Common Pleas |
| | : Philadelphia County |
| | : |
| | : No. 241203018 |
|                       Defendants. | : |

## NOTICE OF REMOVAL

**To the United States District Court for the Eastern District of Pennsylvania:**

Pursuant to 28 U.S.C. § 1441, Defendants, Trustees of the University of Pennsylvania ("Penn"), J. Larry Jameson, John L. Jackson Jr., Craig R. Carnaroli, Kathleen Shields Anderson, Gary Williams, Valdo Walker, and Paul Guercio ("Defendants"), through their counsel, hereby file this Notice of Removal, removing the above-captioned action form the Court of Common Pleas of Philadelphia County, in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania. The grounds for the removal of this action are as follows:

1. On or about December 27, 2024, Plaintiff, Yosef Cohen, filed a Writ of Summons in the Court of Common Pleas of Philadelphia County, December Term, No. 241203018 (the "State Court Action"), against Defendants.

2. Plaintiff served the Writ of Summons and pre-complaint discovery upon Defendants on January 27, 2025.

1

3. Plaintiff filed a Complaint on July 9, 2025. (True and correct copies of the Writ of Summons and Complaint are attached as **Exhibit 1**.)

4. Plaintiff's Complaint was served upon Defendants via e-filing notification on July 10, 2025.

5. This action stems from Plaintiff's arrest on April 28, 2024 during a confrontation that arose between pro-Palestine and pro-Israel protesters on the University of Pennsylvania's campus. (See Ex. 1 at ¶¶ 34-43.)

6. Plaintiff alleges that his arrest was unlawful and unconstitutional.

7. The Complaint alleges (1) Pennsylvania Civil Rights Violations, (2) False Arrest/Imprisonment, (3) Battery, (4) Malicious Prosecution, (5) Negligence, and (6) Declaratory Judgment. (Ex. 1 at ¶¶ 68-137.)

8. The crux and foundation of Plaintiff's lawsuit is that the Philadelphia Ordinance under which he was arrested, § 10-820, was determined "unenforceable" and **unconstitutional under the U.S. Constitution**. (See Ex. 1 ¶¶ 49-52 and Exhibit A to the Complaint.) The basis for this argument is a federal court order issued by the Hon. Timothy J. Savage of the U.S. District Court for the Eastern District of Pennsylvania in an unrelated matter involving the City of Philadelphia on July 18, 2023 (the "Order"). (See Ex. 1 ¶¶ 49-52 and Exhibit A to the Complaint.)

9. Thus, Plaintiff's claims are premised on his theory that his arrest was unlawful due to the unconstitutionality under the U.S. Constitution of the arresting Ordinance pursuant to the federal court Order, and Plaintiff seeks to enforce that Order here.

10. Plaintiff's claims necessarily raise the question of the federal constitutionality of the Philadelphia Ordinance and the enforceability of the federal court Order upon Penn, who was not a party to the federal action.

11. For example, the federal Order was modified through joint motion by the plaintiffs and the City of Philadelphia to include language that § 10-820 was "unenforceable" based on the City of Philadelphia's Rule 68 Offer of Judgment agreeing to such terms. (True and correct copies of the Joint Motion and Offer of Judgment are attached as **Exhibit 2**.)

12. The Eastern District did not enter the Order after making a determination on the merits as to the Ordinance's constitutionality and enforceability.

13. As such, federal questions remain as to whether the Order applies to parties outside of that action and whether the arresting Ordinance is, in fact, unconstitutional and unenforceable by Penn.

14. Plaintiff's claims cannot be resolved without answering these federal questions.

15. Plaintiff also alleges that his arrest interfered with his "lawful and constitutionally protected right to counter-protest." (Ex. 1 at ¶ 110.)

16. Plaintiff also alleges that Defendants breached their duty "to ensure [the Penn Police] were properly trained and supervised to engage in **constitutional**, non-discriminatory policing and to respect the civil rights of all persons." (Ex. 1 at ¶¶ 120-121.)

17. Thus, although Plaintiff disguises his claims as state law claims to avoid federal question jurisdiction under 28 U.S.C. § 1331, his claims clearly implicate federal

questions such as the constitutionality of Plaintiff's arrest and the enforceability of the federal Order upon Defendants.

18. This Court has original jurisdiction over such federal questions, which are the foundation of Plaintiff's claims.

19. State-law claims give rise to federal-question jurisdiction "so long as it appears from the complaint that the right to relief depends upon the construction or application of federal law.'" Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 313, 125 S. Ct. 2363, 2367 (2005) (citing Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 65 L. Ed. 577, 41 S. Ct. 243 (1921)).

20. "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." Gunn v. Minton, 568 U.S. 251, 258, 133 S. Ct. 1059, 1065 (2013).

21. Plaintiff's claims rest on the construction and application of the federal Order and the U.S. Constitution, and Philadelphia Ordinance at issue.[1] The unconstitutionality of the Ordinance and the meaning and application of the Order are disputed and raise substantial federal questions. The Eastern District's jurisdiction over these issues would not disturb the balance of federal and state judicial responsibilities.

22. Accordingly, this action is removable in accordance with 28 U.S.C § 1441(a).

---

[1] Plaintiff alleges that his arrest was unlawful for the additional reason that the Penn police lack law enforcement powers, which Defendants deny. Penn's police powers are established under Pennsylvania state and federal law.

23. This removal notice is timely, as it is being filed within 30 days of receipt of the Complaint, from which it was first ascertained that the underlying State Court Action was removable. 28 U.S.C. § 1446(b)(1).

24. True and correct copies of this Notice of Removal with accompanying exhibits and separate Notice to State Court of Filing of Notice of Removal, which will be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, in accordance with the provisions of 28 U.S.C. § 1446(d), will be served upon Plaintiff.

25. In filing this Notice of Removal, Defendants do not waive any available defenses in this action.

**WHEREFORE,** notice is given that the above-captioned action is removed from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**TUCKER LAW GROUP, LLC**

Date: August 11, 2025

/s/ Nancy Fisher Onaderu
Kathleen Kirkpatrick, Esquire
Nancy Fisher Onaderu, Esquire
Ten Penn Center
1801 Market Street, Suite 2500
Philadelphia, PA 19103
(215) 875-0609

*Attorneys for Defendants, Trustees of the University of Pennsylvania, J. Larry Jameson, John L. Jackson Jr., Craig R. Carnaroli, Kathleen Shields Anderson, Gary Williams, Valdo Walker, and Paul Guercio*

## CERTIFICATE OF SERVICE

I, Nancy Fisher Onaderu, Esquire, do hereby certify that a true and correct copy of the attached Notice of Removal has been served upon Plaintiff's attorney on the date indicated below via email:

Andrew B. Austin, Esquire
P.O. Box # 54628
Philadelphia, PA 19148
austin@replev.in

Dated:   August 11, 2025                    /s/ Nancy Fisher Onaderu
                                            Nancy Fisher Onaderu, Esq.