IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| YOSEF COHEN | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| TRUSTEES OF THE UNIVERSITY | : |
| OF PENNSYLVANIA, J. LARRY | : |
| JAMESON, JOHN L. JACKSON, JR., | : |
| CRAIG R. CARNAROLI, KATHLEEN | : |
| SHIELDS ANDERSON, GARY | : |
| WILLIAMS, VALDO WALKER, PAUL | : |
| GUERCIO, and JOHN DOE #1-20. | : NO. 25-4561 |

### MEMORANDUM OPINION

**Savage, J.**                                                                                   **October 30, 2025**

University of Pennsylvania Police ("Penn Police") arrested and cited Yosef Cohen for violating Section 10-820 of the Philadelphia Code for carrying a knife at a protest at the University of Pennsylvania. Cohen filed this action in the Court of Common Pleas of Philadelphia County asserting Pennsylvania common law causes of action. He claims the defendants were not authorized to exercise police powers under Pennsylvania law and the City of Philadelphia Ordinance was unenforceable.

The defendants removed the action, arguing the Complaint implicates a federal question—the constitutionality of Section 10-820 of the Philadelphia Code. In short, they seek to transform a state law claim into a federal constitutional claim.

Moving to remand, Cohen argues he did not assert any federal claims and there is no embedded federal question in his complaint. He maintains the entire case can be resolved by a state court interpreting a dispositive question of state law: whether the University of Pennsylvania is a "state-aided" institution authorizing its campus police to exercise law enforcement authority.

1

We conclude there is no substantial federal question implicated in this action. Therefore, we shall remand it to the state court.

## Background

Cohen attended a pro-Israel protest at the University of Pennsylvania on April 28, 2024.[1] The protest was organized in response to a pro-Palestine encampment at the University of Pennsylvania.[2]

When Cohen arrived, University of Pennsylvania Police officers escorted him around the encampment for his safety.[3] At some point, an officer saw a sheathed knife underneath Cohen's shirt.[4] A search led to the discovery of a second knife.[5] Cohen was arrested and issued a summary citation under Philadelphia Code Section 10-820, commonly known as the Knife Ban Ordinance, which bans carrying any "cutting weapon" in the City of Philadelphia.[6]

The charge against Cohen was dismissed with prejudice on August 8, 2024.[7] The state court relied on Cohen's argument that Section 10-820 had been stricken and enjoined by this Court.[8]

In *Gilson v. City of Philadelphia*, 2:23-cv-01734, pursuant to a settlement

---

[1] State Ct. Compl. ¶¶ 34–35, ECF No. 1–3.

[2] *Id.* ¶ 34.

[3] *Id.* ¶ 39.

[4] *Id.* ¶ 41.

[5] *Id.* ¶ 42.

[6] *Id.* ¶¶ 41, 43, 49.

[7] *Id.* ¶ 46.

[8] *Id.*

agreement, we entered a stipulated order on July 18, 2023.[9]  The Order provided that Section 10-820 was "unenforceable" and enjoined the defendant City of Philadelphia from enforcing it.[10]  The order was limited to the parties in that case.[11]

Cohen sued the Trustees of the University of Pennsylvania and others in the Court of Common Pleas of Philadelphia County on July 9, 2025.[12]   He asserts five causes of action: (1) Pennsylvania civil rights violations pursuant to 42 Pa. C.S. § 8309[13]; (2) false imprisonment and false arrest; (3) battery; (4) malicious prosecution; and (5) negligence.[14]  He seeks a declaration that Penn Police have no law enforcement authority and an injunction enjoining Penn Police from acting as police officers in violation of state law.[15]

The defendants timely removed.[16]

## Analysis

A defendant may remove from state court a civil action that raises a federal question.  *Johnson v. Mazie*, 144 F.4th 149, 152 (3d Cir. 2025); 28 U.S.C. §§ 1331, 1441.

---

[9] *Id.* at Ex. A.

[10] *Id.*

[11] *Id.*

[12] *Id.* ¶¶ 2–12.

[13] Similar to 42 U.S.C. § 1983, 42 Pa. C.S. § 8309 is a civil rights statute that provides a private right of action for injury caused by conduct prohibited by other Pennsylvania statutes.  Section 1983 focuses on civil rights deprivations generally.  Section 8309, the Pennsylvania statute, specifically addresses conduct that violates statutes that prohibit ethnic intimidation, 18 Pa. C.S. § 2710, and institutional vandalism, 18 Pa. C.S. § 3307.  Here, Cohen alleges the defendants' actions were prohibited by 18 Pa. C.S. § 2710.

[14] Mot. to Remand at 4, ECF No. 4.

[15] *Id.*

[16] Not. of Removal ¶ 23, ECF No. 1.

3

A claim arises under federal law when it arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Gunn v. Minton*, 568 U.S. 251, 257 (2013) (citation omitted).

The grounds for federal question jurisdiction must appear on the face of the plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Goldman v. Citigroup Glob. Mkts. Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (citing *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 9–11 (1983)). A defendant cannot remove a case to federal court unless the plaintiff's complaint establishes that the claim "arises under" federal law. *Franchise Tax Bd.*, 463 U.S. at 9–10.

To avoid removal, the plaintiff may explicitly choose to present only state law claims and give up any federal claims. *Caterpillar*, 482 U.S. at 392. The plaintiff, as the master of the complaint, may choose to have his case heard in state court by relinquishing a federal claim. *Id.* at 398–99.

A federal court may, in a "small category of cases," exercise federal question jurisdiction over a state law claim where the complaint implicates a federal issue. For federal question jurisdiction to lie, the federal issue must be "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258 (summarizing the test set forth in *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). Thus, to establish federal question jurisdiction, the "plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

4

*Goldman*, 834 F.3d at 249 (quoting *Franchise Tax Bd.*, 463 U.S. at 27–28).

That a federal issue may be implicated does not necessarily give rise to federal question jurisdiction.  The issue must be a substantial one.  *Gunn*, 568 U.S. at 260.

Defendants argue that a federal question—the constitutionality of Section 10-820 of the Philadelphia Code—is necessarily raised.[17]  In their Notice of Removal, they acknowledge that we did not rule on the constitutionality of the ordinance when we entered the order declaring the ordinance unenforceable.[18]

Determining whether the Knife Ban Ordinance is constitutional is not necessarily raised in this case.  Cohen asserts state common law claims that are not dependent on the construction or application of federal law.

The core issue raised in the Complaint is whether Penn Police had police powers under state law.  Cohen seeks a declaration that Penn Police are not authorized to act as police officers or exercise law enforcement powers under the Pennsylvania statute titled Capitol Police, Commonwealth Property Police and Campus Police, 71 Pa. C.S. § 646.[19]

The six causes of action in the Complaint are state law torts.  Cohen asserts violations of his rights under Pennsylvania law.  He is not asserting any cause of action created by federal law.  He chose not to present federal claims in his complaint.  His right to relief is not dependent on the resolution of any federal issue.

The *Gilson* Order, we reiterate, did not decide the constitutionality of the Knife Ban Ordinance.  Nor is it necessary to do so now.

---

[17] Not. of Removal ¶ 10, ECF No. 1.

[18] *Id.* ¶ 12.

[19] State Ct. Compl. ¶ 137, ECF No. 1–3.

We conclude there is no substantial federal question at issue.  There is no need to address the remaining *Grable* factors.

## Conclusion

A federal issue is not necessarily raised here.  Resolving the state law claims does not require application or interpretation of federal law.  Therefore, because there is no substantial question of federal law, we shall remand this action to the state court.