IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YOSEF COHEN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| TRUSTEES OF THE UNIVERSITY | : | |
| OF PENNSYLVANIA, J. LARRY | : | |
| JAMESON, JOHN L. JACKSON, JR., | : | |
| CRAIG R. CARNAROLI, KATHLEEN | : | |
| SHIELDS ANDERSON, GARY | : | |
| WILLIAMS, VALDO WALKER, PAUL | : | |
| GUERCIO, and JOHN DOE #1-20. | : | NO. 25-4561 |

## MEMORANDUM

**Savage, J.**                                                                                     **November 25, 2025**

After we remanded this case which the defendants had removed, Plaintiff Yosef Cohen moved for attorney's fees under 28 U.S.C. § 1447(c). Defendants maintain they had a reasonable basis for removal based on their belief that the complaint raised a federal question.

Although defendants' removal motion was unsuccessful, it was not objectively unreasonable. Thus, we denied plaintiff's motion for attorney's fees.

### Background

Mr. Cohen was arrested and cited under Philadelphia's Knife Ban Ordinance for carrying two knives at a protest at the University of Pennsylvania.[1] The charges were dismissed in the Philadelphia Municipal Court on the ground that the Ordinance had

---

[1] State Ct. Compl. ¶¶ 41-43, Doc. No. 1-3.

been held unenforceable in *Gilson v. City of Philadelphia*, 23-cv-1734.[2]  Mr. Cohen then filed a lawsuit in the Philadelphia Court of Common Pleas asserting Pennsylvania causes of action arising out of his arrest and charges for violating the Ordinance.[3]

In their notice of removal, defendants asserted there was a federal question based on the order entering judgment in *Gilson*.[4]  The order, the result of a settlement agreement, declared the Knife Ban Ordinance "unenforceable" and enjoined the defendant City of Philadelphia from enforcing it.[5]  Defendants claimed the order raised a federal question about the constitutionality of the Knife Ban Ordinance.[6]

Mr. Cohen filed a timely motion to remand.[7]  After we granted the motion, Mr. Cohen then filed a motion for attorney's fees.[8]

## Standard of Review

A removing defendant may be liable for attorney's fees when the case is remanded. 28 U.S.C. § 1447(c).  There is no presumption in favor of or against awarding fees when a case is remanded.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 137-39 (2005). The test is whether the removal was reasonable.  *Id.* at 141.  Fees are awarded only if there was no objectively reasonable basis for removal.  *Id.* at 136; *League of Women Voters of Pa. v. Commonwealth of Pa.*, 921 F.3d 378, 383 (3d Cir. 2019).

---

[2] *Id.* ¶ 46.

[3] *See Id.*

[4] Not. of Removal ¶ 8, Doc. No. 1.

[5] State Ct. Compl. Ex. A, Doc. No. 1-3.

[6] Not. of Removal ¶ 13, Doc. No. 1.

[7] Mot. to Remand, Doc. No. 4.

[8] Mot. for Att'y Fees, Doc. No. 15.

**Analysis**

Mr. Cohen argues defendants' removal was objectively unreasonable.[9] He insists there was no issue regarding the constitutionality of the Knife Ban Ordinance.

Defendants counter that they had a reasonable basis to remove because the scope of the *Gilson* order was not settled.[10] They argue Mr. Cohen's complaint raised the constitutionality of the Knife Ban Ordinance and the enforceability of the *Gilson* order on the University of Pennsylvania.[11]

In the *Gilson* complaint, the plaintiffs alleged "The City's prohibition on knives violates the 2nd Amendment of the U.S. Constitution."[12] They later reiterated "The Knife Ban violates the Second Amendment" in Paragraph 23 of the complaint.[13] So, the *Gilson* complaint raised a question of the constitutionality of the Knife Ban Ordinance. The order in *Gilson* did not articulate why the Ordinance was unenforceable.[14] It was not unreasonable for the defendants to believe the Ordinance was unenforceable because it was unconstitutional as Mr. Cohen had claimed.

In this case, Mr. Cohen's state court complaint makes multiple references to the Knife Ban Ordinance as both unconstitutional and unenforceable. A section heading of the complaint is titled "The Unconstitutional Philadelphia Knife Ban."[15] He states the City of

---

[9] *Id.* at 1.

[10] Def's. Resp. in Opp'n to Mot. for Att'y Fees at 8, Doc. No. 16.

[11] *Id.* at 8-9.

[12] Compl. at 1, *Gilson v. City of Philadelphia*, 2:23-cv-1734 (E.D. Pa. 2023), Doc. No. 1.

[13] *Id.* ¶ 23.

[14] State Ct. Compl. Ex. A, Doc. No. 1-3.

[15] *Id.* at 13.

Philadelphia conceded the Ordinance was unconstitutional when it made the offer of judgment.[16] He alleges that it is not possible to charge someone "under an unconstitutional and unenforceable statute."[17] He further alleges the charges were dismissed because "the ordinance was unconstitutional and unenforceable."[18]

It was reasonable for defendants to believe that the Knife Ban Ordinance had been deemed unenforceable because it violated the Second Amendment as asserted in the *Gilson* complaint. Although we held that the issue was not necessarily raised in this case, that does not mean defendants had no objectively reasonable basis for believing that the Ordinance was unconstitutional. Therefore, Mr. Cohen is not entitled to attorney's fees.

---

[16] *Id.* ¶ 51.

[17] *Id.* ¶ 107.

[18] *Id.* ¶ 106.